IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:19-cr-00046

JACKIE SEBASTIN HARPER

MEMORANDUM OPINION AND ORDER

Pending before the court is a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(a) and (c) and Federal Rule of Criminal Procedure 36, [ECF No. 46], filed by Defendant Jackie Harper. The Government has responded, [ECF No. 48]. For the reasons that follow the motion is **DENIED**.

I.  Background

On May 31, 2019, Mr. Harper pleaded guilty to Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as alleged in Count One and Count Six respectively of an indictment returned against him. [ECF No. 33]. On August 21, 2019, I sentenced Mr. Harper to a total of 84 months imprisonment, followed by 3 years of supervised release. Mr. Harper now asks for a reduction in sentence under 18 U.S.C. § 3582 as well as under Federal Rule of Criminal Procedure 36. He argues that his sentencing guideline range was improperly calculated.

## II. Discussion

Under § 3582(b), a judgment of the court imposing a term of imprisonment is final. Defendant in this case does not present any reasons for a reduction in sentence that fall within the scope of one of the exceptions to the finality of judgment. Furthermore, Defendant waived his right to challenge his sentence when he entered into a plea agreement.

### (a) Rule 36

Federal Rule of Criminal Procedure 36 permits a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. However, a clerical error under the rule does not encompass substantive changes in the sentence that the district court announced at sentencing. *United States v. Fraley*, 988 F.2d 4, 5-6 (4th Cir. 1993). As courts have long held, "§ 3582(c) and Rule 36 [are] entirely consistent because Rule 36 does not encompass sentence modifications in the sense contemplated by § 3582(c)." *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994) (per curiam); *see also Fraley*, 988 F.2d at 6, (4th Cir. 2010). Here, Mr. Harper makes substantive challenges to his calculated range of imprisonment under the Sentencing Guidelines and essentially asks the court for a resentencing. *See* [ECF No. 46]. Such challenges are not contemplated or covered by Rule 36.

### (b) § 3562

A sentencing judgment may only be modified pursuant to subsection § 3582(c), corrected pursuant to Federal Rule of Criminal Procedure 35 and § 3742, or "appealed

and modified, if outside the guideline range, pursuant to the provisions of section 3742." Under § 3582(c), a court "may not modify a term of imprisonment once it has been imposed except that"

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…

Or

> the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.

18 U.S.C. § 3582(c). None of these statutory requirements have been satisfied in this case. Moreover, probation properly calculated the sentencing guideline that was applied to Mr. Harper. *See* [ECF No. 44] (sealed). Mr. Harper acknowledged probation calculated it correctly at the sentencing hearing. Mr. Harper further did not object to that calculation at that hearing.

Moreover, Mr. Harper waived his right to challenge his sentence in his plea agreement. *See* Plea Agreement [ECF No. 34] ¶ 11. First, Mr. Harper petitions the wrong forum. Any proper appeal should be raised to the appellate court. Second, his plea agreement states in pertinent part:

> Mr. Harper knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of

> supervised release is below or within the Sentencing Guideline range corresponding to offense level 24. Mr. Harper also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction for 21 U.S.C. 841(a)(1) is unconstitutional, and (2)Mr. Harper's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of the 21 U.S.C. 841 (a)(1)… Mr. Harper also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 29 U.S.C. 2255. The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

*Id.* At sentencing, I calculated Mr. Harper's advisory guideline range to be a term of imprisonment of 151 to 188 months based on a totally offense level of 29 and a criminal history category of VI. *See* [ECF No. 40]. I sentenced Mr. Harper to prison for a term of 84 months. Mr. Harper's sentence is therefore well below the sentencing guideline range. His sentence falls squarely within the scope of his waiver of appeal. He may not appeal his sentence for the reasons listed in his pro se motion. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (with the exception of constitutional claims or miscarriage of justice, waivers are generally upheld if made knowingly and voluntarily).

Mr. Harper's pro se motion for a reduction in sentence, [ECF No. 46], is **DENIED**. I would like Mr. Harper to note that even if I accepted his challenges to the Presentencing Report prepared by probation, the sentence I imposed of 84 month imprisonment would still be below his proposed recalculated advisory guideline range. I found a significant departure from the advisory guideline range was

4

warranted in this case for the reasons announced at Mr. Harper's sentencing.

### III. Conclusion

Defendant's motion for reduction of sentence, [ECF No. 46], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 31, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE