IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:19-cr-00046

JACKIE SEBASTIN HARPER

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is a motion, brought pursuant to 18 U.S.C. §3582(c)(2), to reduce defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 53]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive

application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

I have received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSR from the Probation Office. The court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Finding that the defendant is ineligible for relief, the court has not appointed counsel or ordered the parties to submit responses.

On August 21, 2019, Mr. Harper was sentenced to 84 months of imprisonment, followed by three years of supervised release, for (1) distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (2) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* [ECF No. 41]. His total offense level was 29. [ECF No. 43, at 1]. Mr. Harper had a subtotal criminal history score of six and because he committed the instant offense while under a criminal justice sentence two status points were added for a total criminal history score of eight, which established a criminal history category of IV. However, because Mr. Harper qualified as a career offender under U.S.S.G. § 4B1.1., his criminal history category was VI. Based on a total offense level of 29 and a criminal history

category of VI, Mr. Harper's guideline range was 151-188 months. [ECF No. 43, at 1].

Even though Mr. Harper received two status points, he is ineligible for a sentence reduction pursuant to Amendment 821. I determined that Mr. Harper qualified as a career offender which resulted in a criminal history category of VI. His guideline range was not the result of the status points he received, but rather the result of his classification as a career offender. His guideline range is not affected by Amendment 821. *United States v. Orisnord*, No. 24-10525, 2024 WL 4563932, at *4 (11th Cir. Oct. 24, 2024) (finding a reduction in status points pursuant to Amendment 821 would not have reduced a defendant's guideline range because of his status as a career offender); *see also United States v. Wilson*, No. 24-1134, 2024 WL 4371621, at *1 (7th Cir. Oct. 2, 2024); *United States v. Simpson*, No. 24-5272, 2024 WL 4337488, at *3 (6th Cir. Sept. 11, 2024). Therefore, I find that Mr. Harper is ineligible for relief.

Wherefore, after a thorough review and careful consideration, the court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on August 21, 2019, remain in effect.

The court **DIRECTS** the Clerk to send a copy of this Order to defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: November 4, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE